UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


JOHN JOSEPH TATAR,

      Plaintiff,

                                      CASE NO. 2:21-cv-11512

v.

                                      HON. ROBERT J. JONKER

R. GUY COLE, JR., et al.,

      Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff John Tatar filed this action, pro se, on June 28, 2021. He entitled his Complaint as one for "Writ of Replevin/Refund and for Exemplary Damages." The four named defendants are Sixth Circuit Chief Judge Guy Cole;[1] District Judge (N.D. Ohio) Donald Nugent; Clerk (E.D. Mich.) Richard Loury; and Chief Judge (E.D. Mich.) Denise Page Hood.  Mr. Tatar asserts one claim of "gross negligence" against each defendant for the role played in handling his earlier lawsuit against a different array of federal judges and federal agents.[2]  Because the Complaint did not appear to raise a substantial federal question, the Court entered a Show Cause Order directing Mr. Tatar to explain why the matter should not be dismissed. Mr. Tatar filed a timely response to the Show Cause Order. The response does not demonstrate the presence of any substantial federal question.

---

[1] Judge Cole's term as Chief Judge ended during the pendency of this matter, but he remains an active Circuit Judge.

[2] The alleged gross negligence of Circuit Judge Cole was assigning Mr. Tatar's earlier case against a number of judges in the Eastern District to Judge Nugent of a neighboring district. The alleged gross negligence of Judge Nugent was his decision dismissing the earlier case.  The alleged gross negligence of Mr. Loury was collecting a filing fee for the earlier case and not refunding it. The alleged gross negligence of Chief Judge Hood was not facilitating refund of the filing fee.

### The "De Jure Republic(s)" Theory

Mr. Tatar's response demonstrates that he continues to feel wronged by the original tax litigation that is at the root of all the litigation that followed, including the present matter. The first 14 pages of the response (ECF No. 14, at PageID.94-108) are devoted to articulating Mr. Tatar's overall theory that ultimately comes down to one fundamental claim: namely, that "I, John Joseph Tatar, do hereby claim that as a Citizen of the 'de jure' Republic(s) that I am the higher power and I am greater than any corporation be such corporation, private or governmental, by purpose and/or charter." Id., at PageID.98.

That was the same theory that drove his original efforts to derail the federal government's attempts to collect federal taxes from him. He failed in the Eastern District, the Sixth Circuit and the Supreme Court. *Tatar v. Mayer*, 2013 WL 4777143 (E.D. Mich. Aug. 26, 2013), appeal dismissed, Case No. 13-2196 (6th Cir. Oct. 22, 2013); *Tatar v. United States*, 2017 WL 3581561 (E.D. Mich. Aug. 18, 2017), *aff'd*, 2018 WL 2247497 (6th Cir. April 24, 2018); *see also In re Tatar*, 577 U.S. 937 (Oct. 19, 2015) (denying mandamus), *rehearing denied*, 577 U.S. 1054 (Dec. 14, 2015).

These losses did not stop Mr. Tatar from continuing his litigation quest. He filed a new lawsuit naming not only tax officials, but also judicial officers of the Eastern District of Michigan, including District Judges Battani and Parker, and Magistrate Judge Grand. Chief Circuit Judge Cole assigned the case to Judge Nugent, who was not in the same district as the judicial officer defendants. Judge Nugent dismissed the case for failing to raise a substantial federal question. *Tatar v. Mayer*, 2020 WL 5900136 (Oct. 5, 2020). Mr. Tatar did not appeal Judge Nugent's dismissal. Instead, he filed this new action seeking return of his earlier filing fee and exemplary damages on a theory of gross negligence.

The Court recognizes that Mr. Tatar continues to profess the beliefs he outlines in his response. And the Court recognizes that Mr. Tatar continues to believe that all the judges who decided the earlier cases against him were wrong.  But none of that establishes a substantial federal question. The underlying "*de jure* Republic" theories have been repeatedly rejected, not just in Mr. Tatar's earlier cases, but in many other similar tax protester matters.  So to the extent this case simply tries to raise the same basic theory, there is no substantial federal question.

**The "Gross Negligence Claims**

To the extent Mr. Tatar is raising new claims of "gross negligence," he still fails to raise a substantial federal question.  In the first place, each claim of "gross negligence" is either based on a matter of discretion or statutory duty for the defendant in question.  The Federal Tort Claims Act does not waive sovereign immunity for such claims.  *See* 28 U.S.C. § 2680(a) (no waiver of sovereign immunity for claims based on discretionary function (covering claims against Judges Cole, Nugent and Hood), or an execution of statutory obligation (covering claim against Clerk Loury for collecting filing fee).  As the Court pointed out in its original Show Cause Order, the Clerk of Court had a statutory obligation to collect the filing fee; Judge Nugent—like this Court—had a legal obligation to evaluate subject matter jurisdiction and make a call; and Circuit Judge Cole and Chief District Judge Hood acted within their discretionary authority as Chief Judges to act (in the case of Circuit Judge Cole), or not act (in the case of Chief District Judge Hood).  Cases that fall within the Section 2680(a) exception to the FTCA waiver of sovereign immunity are subject to dismissal under Rule 12(b)(1).  *Kohl v. United States*, 699 F.3d .935, 940 (6th Cir. 2012).

Moreover, the gross negligence claims also fail to state a substantial federal question within the meaning of *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), even apart from the sovereign

3

immunity problem.  A sua sponte Rule 12(b)(1) dismissal is appropriate when Plaintiff's claims are

"totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion."  *Id.*, at 479.  The Court's original show cause order pointed out the fundamental

problems it saw in Plaintiff's "gross negligence" theories.  His response does nothing to make the

claims more substantial.

Mr. Tatar has failed to identify a substantial federal question that supports the subject matter

jurisdiction of the Court.  This matter is therefore subject to dismissal and **IT IS SO ORDERED**.

Judgment will issue accordingly.[3]


Date:      October 8, 2021                          /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   CHIEF UNITED STATES DISTRICT JUDGE
                                                   WESTERN DISTRICT OF MICHIGAN

---

[3] There is an independent procedural basis for dismissal under Rule 4(m) because more than 90 days has elapsed since filing of the Complaint, and service of process has not been effectively accomplished. The Court's Show Cause Order cited Court Rule, case law and authoritative commentary for the proposition that a plaintiff may not handle service of process on his or her own, even if the person uses the United States Post Office to do so.  Mr. Tatar objects that he had someone else (Ronald Sassak) handle the actual mailing. But service of process must be verified by affidavit of the process server under Rule 4(l)(1), and Mr. Sassak's "Certification" is not an affidavit, or made under penalty of perjury under 28 U.S.C. §1746. ECF No. 7, at PageID.74. Mr. Tatar did submit a notarized affidavit in support of service of process, *Id.* at PageID.75, but that's the problem:  he is not authorized to make effective service because he is a party to the case.